IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LINDA SANDERS, as next friend and parent of SHONDRIA EVANS,    )<br>)<br>)<br>    Plaintiff,    )<br>)<br>v.    )<br>)<br>KERRY HORTON, *et al.*,    )<br>)<br>    Defendants.    ) | CIVIL ACTION 08-0635-WS-M |

**ORDER**

This matter comes before the Court on plaintiff's "Motion to Voluntarily Dismiss Count I of the Complaint" (doc. 14), which the Court has construed as a motion to amend the Complaint pursuant to Rule 15(a), Fed.R.Civ.P. The proposed amendment would withdraw Count I of the Complaint as to all defendants. On January 22, 2009, the undersigned entered an Order (doc. 15) requiring defendant Kerry Horton (the other defendants have not filed responsive pleadings for Rule 15(a) purposes) to submit any response he may have to the proposed amendment on or before February 4, 2009, and cautioning the parties that the Court would assume in the absence of a timely filed response that the Motion is unopposed. To date, no party has filed objections or otherwise expressed opposition to the Motion.

In light of defendants' failure to object within the time frame specified by the January 22 Order and the mandate of Rule 15(a), Fed.R.Civ.P., that leave to amend shall be freely given when justice so requires, the Court **grants** the Motion to Voluntarily Dismiss Count I of the Complaint (doc. 14). The Complaint is deemed **amended** such that Count I has been **withdrawn** as to all defendants.

This development raises an important jurisdictional question.[1] With the dismissal of

---

[1] In light of its narrowly circumscribed jurisdiction, this Court bears an affirmative duty to inquire *sua sponte* whenever it appears that subject matter jurisdiction may be lacking. *See Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) ("Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.") (citation and internal quotation marks omitted); *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001)

Count I (which was couched as a cause of action under 42 U.S.C. § 1983 for unlawful arrest and detainer), there no longer appear to be any federal questions joined herein. Count II is a state-law negligence claim against defendant Horton. Count III is a state-law assault claim. Count IV alleges negligent training and supervision, while Counts V and VI allege non-discretionary function liability and outrage, respectively. Count VII is a punitive damages demand. As such, this action, as presently postured, appears to be confined to purely state-law claims. Also, there has been no suggestion that diversity of citizenship exists as between plaintiff and defendants, and the well-pleaded allegations of the Complaint reflect otherwise.

In short, original federal jurisdiction is absent as to the remaining claims in this lawsuit. To be sure, supplemental jurisdiction lies pursuant to 28 U.S.C. § 1367 even after dismissal of the federal claims that gave rise to original jurisdiction. In such circumstances, however, the exercise of supplemental jurisdiction is discretionary. *See, e.g., Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1123 (11th Cir. 2005) ("Because no basis for original federal jurisdiction presently exists, the district court has the discretion to decline to exercise supplemental jurisdiction."); 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."). The question remains as to whether the exercise of supplemental jurisdiction is or is not appropriate in this case.[2] In answering that question, courts

---

("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").

[2]   In framing the issue in this manner, the Court does not overlook the Eleventh Circuit's recent decision in *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241 (11th Cir. 2007). In *Pintando*, the court opined that when the plaintiff filed an amended complaint withdrawing his federal claim, "the original complaint was superceded and there was no longer a federal claim on which the district court could exercise supplemental jurisdiction for the remaining state law claims." *Id.* at 1243. The *Pintando* panel explained that once the amended complaint was filed omitting all federal claims, "the basis for the district court's subject matter jurisdiction ceased to exist, and the district court should have dismissed Pintando's state claims without prejudice." *Id.* at 1244. Thus, *Pintando* counsels that supplemental jurisdiction is generally not available when a plaintiff amends her pleading to omit all claims over which original federal jurisdiction would lie. That reasoning is inapplicable here because the Eleventh

"take into account concerns of comity, judicial economy, convenience, fairness, and the like." *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999) (citation omitted); *see also Cook*, 402 F.3d at 1123.  If the undersigned declines to exercise supplemental jurisdiction, Sanders' remaining state-law claims would be remanded to state court.  *See Cook*, 402 F.3d at 1123.

To assist the Court in evaluating whether continuing exercise of supplemental jurisdiction is appropriate, the parties are **ordered** to brief the matter as follows: Defendants (the parties who invoked federal jurisdiction by removing this action from state court) are ordered, on or before **February 19, 2009**, to file and serve a memorandum, supported by legal authority as appropriate, setting forth their position on the supplemental jurisdiction question.  Plaintiff may file a response on or before **February 26, 2009**.  If the Court determines that oral argument is necessary, the parties will be notified and a hearing will be scheduled.  Otherwise, the jurisdictional question will be taken under submission after February 26, 2009.

DONE and ORDERED this 5th day of February, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

Circuit has expressly exempted removal actions from the ambit of the rule in *Pintando*.  According to *Pintando*, while ordinarily courts look to amended pleadings to determine subject matter jurisdiction, "[c]ases removed from state to federal court under 28 U.S.C. § 1447(c) are treated differently.  In those cases, the district court must look at the case at the time of removal to determine whether it has subject-matter jurisdiction.  ***Later changes to the pleadings do not impact the court's exercise of supplemental jurisdiction***."  *Id.* at 1243 n.2 (emphasis added).  Because subject matter jurisdiction unquestionably existed at the time of removal of this action, supplemental jurisdiction is available over the state-law claims, notwithstanding the subsequent amendment of the pleadings to delete the federal cause of action.