**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **LINDA SANDERS, as next friend and** | ) | |
| **parent of SHONDRIA EVANS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 08-0635-WS-M** |
| | ) | |
| **KERRY HORTON,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This action comes before the Court on certain jurisdictional concerns raised *sua sponte* via Order (doc. 16) dated February 5, 2009.

By way of background, plaintiff Linda Sanders, as next friend and parent of Shondria Evans, commenced this action in the Circuit Court of Perry County, Alabama, by filing the Complaint against a collection of law enforcement officers and officials, as well as the Alabama Department of Public Safety, on October 3, 2008.  The Complaint was rooted in allegations that defendant Kerry Horton, an Alabama State Trooper, perpetrated egregious acts of sexual misconduct, including harassment and assault, on plaintiff Shondria Evans on June 4, 2008 after conducting a traffic stop on a vehicle in which Evans was apparently a passenger.  The Complaint articulated seven causes of action against defendants, all but one of which sound exclusively in state law.[1]  However, Count I was pleaded as a federal constitutional claim brought pursuant to 42 U.S.C. § 1983 on a theory of unlawful arrest and detention.  Given the federal character of Count I, defendants removed this action to this District Court on October 30, 2008, identifying federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the sole basis for

---

[1]      In particular, Count II is a state-law negligence claim against defendant Horton. Count III is framed as a state-law assault claim.  Count IV alleges negligent training and supervision, while Counts V and VI allege non-discretionary function liability and outrage, respectively.  Count VII is a punitive damages demand.

subject matter jurisdiction.[2]  On February 5, 2009, this Court entered an Order (doc. 16) granting plaintiff's unopposed motion to amend her Complaint to delete Count I, thereby eliminating her only federal claim.  Plaintiff's withdrawal of her sole cause of action as to which original federal jurisdiction lies prompted the Court to question the propriety of exercising supplemental jurisdiction over plaintiff's remaining claims (all of which proceed under Alabama, not federal, law).[3]  All parties have availed themselves of the opportunity to be heard concerning this jurisdictional issue (*see* docs. 18, 19, 20), and that question is now ripe for disposition.

It is fundamental that where original federal jurisdiction lies, federal district courts enjoy "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  But Congress has conferred upon district courts the discretion to "decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction."  § 1367(c)(3); *see also Hicks v. Moore*, 422 F.3d 1246, 1255 n.8 (11th Cir. 2005) (where appeals court terminates all federal claims, leaving only certain state-law claims, "[w]e allow the district court to exercise its discretion ... to decide whether or not to consider Plaintiff's state-law claims on remand"); *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1123 (11th Cir. 2005) ("Because no basis for original federal jurisdiction

_____

[2]       At no time has any party suggested that diversity jurisdiction might lie pursuant to 28 U.S.C. § 1332.  Indeed, the allegations of the Complaint are incompatible with any such contention, inasmuch as plaintiff and all defendants appear to be Alabama citizens for diversity purposes.  Therefore, the § 1331 federal question vehicle appears to be the only means of asserting original federal jurisdiction over this action.

[3]       In light of its narrowly circumscribed jurisdiction, this Court bears an affirmative duty to inquire *sua sponte* whenever it appears that subject matter jurisdiction may not exist.  *See Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) ("Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.") (citation and internal quotation marks omitted); *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").

presently exists, the district court has the discretion to decline to exercise supplemental jurisdiction."); *Higdon v. Jackson*, 393 F.3d 1211, 1221 (11th Cir. 2004) (explaining that, after dismissal of all claims over which it has original jurisdiction, district court may either decline or continue to exercise supplemental jurisdiction); *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999) ("A district court has discretion to dismiss state-law claims when all claims over which it has original jurisdiction have been dismissed.") (citation omitted).  The question presented, then, is whether the Court should exercise its discretion in favor of or against the continuing exercise of supplemental jurisdiction over plaintiff's state-law causes of action, now that the lone federal claim has been excised from the case.[4]

Although the Court does have discretion in this area, there is a compelling strand of Supreme Court and Eleventh Circuit authority that "encourage[s] district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."

---

[4]        It bears noting that judges of this District Court have routinely declined supplemental jurisdiction in analogous circumstances.  *See, e.g.*, *Weaver v. James Bonding Co.*, 442 F. Supp.2d 1219, 1229-30 (S.D. Ala. 2006) (Steele, J.) (dismissing state-law claims without prejudice for want of federal jurisdiction where plaintiff's § 1983 cause of action had been dismissed on the merits); *Stoddard v. Hawsey*, 2007 WL 2156416, *6 (S.D. Ala. July 26, 2007) (Granade, C.J.) (upon dismissing all federal claims, determining that Eleventh Circuit precedent, judicial economy, convenience, fairness to the parties, and comity warranted conclusion "that the plaintiff's remaining claims are best left to the Alabama courts"); *Burroughs v. Smurfit Stone Container Corp.*, 2007 WL 987475, *2 (S.D. Ala. Mar. 30, 2007) (DuBose, J.) (after dismissal of federal cause of action, dismissing state-law claims without prejudice because witnesses were more conveniently located to state courthouse and "it is not an efficient use of federal judicial resources to retain supplemental jurisdiction over a state law claim of assault and battery"); *Hosea v. Langley*, 2006 WL 314454, *34-35 (S.D. Ala. Feb. 8, 2006) (Steele, J.) (declining supplemental jurisdiction over state-law claims for conversion and theft after dismissal of all federal claims on the merits); *Powers v. CSX Transp., Inc.*, 188 F. Supp.2d 857, 869 (S.D. Ala. 2002) (Vollmer, J.) (remanding supplemental state-law claims after dismissing federal claims on summary judgment); *Bowens v. City of Atmore*, 171 F. Supp.2d 1244, 1260 (S.D. Ala. 2001) (Butler, J.) ("Because all federal claims have been dismissed prior to trial, because state court should be the final arbiter of the plaintiffs' tort claims, and because no countervailing considerations outweigh these circumstances, the plaintiffs' state law claims ... will be dismissed without prejudice."); *Brewer v. City of Daphne*, 111 F. Supp.2d 1299, 1320 (S.D. Ala. 1999) (Steele, M.J.) (upon dismissing federal claim on summary judgment, "[t]he Court declines supplemental jurisdiction of the remaining claim for wrongful death under state law in light of the insubstantial nature of the federal claims").

-3-

*Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.") (footnote omitted); *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) (noting that "if the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of state claims") (citation omitted); *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) (opining that "[s]tate courts, not federal courts, should be the final arbiters of state law" and that "the state law claims remaining in this action are best resolved by the Georgia courts ... especially ... where the Court is dismissing Plaintiffs' federal law claim prior to trial"); *Eubanks v. Gerwen*, 40 F.3d 1157, 1161-62 (11th Cir. 1994) ("when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice") (citation omitted).

To be sure, this appellate guidance advocating the declination of supplemental jurisdiction over state-law claims following pretrial dismissal of all original-jurisdiction claims is neither absolute nor inflexible. In determining whether or not to exercise § 1367 jurisdiction in such a situation, "the judge should take into account concerns of comity, judicial economy, convenience, fairness and the like." *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001) (citing *Crosby*, 187 F.3d at 1352); *see also Cook*, 402 F.3d at 1123 (similar); *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1185 (11th Cir. 2003) (similar). Notwithstanding defendants' contentions otherwise, the Court finds that none of those factors warrant the continued exercise of supplemental jurisdiction here. Because Alabama state courts are the final arbiters of Alabama law, and plaintiff's sole federal claim has been dismissed early in the lifespan of this litigation (*i.e.*, prior to entry of a scheduling order or the undertaking of any meaningful discovery), considerations of comity and judicial economy as described in *Gibbs* and

its progeny weigh in favor of leaving plaintiff's state-law claims for Alabama courts to decide.[5] Nor would it be inconvenient or unfair for this litigation to proceed in state court, rather than federal court.  As the underlying events are alleged to have occurred in Perry County, Alabama, and the parties appear to hail from Perry County, Dallas County, and Montgomery County, a Perry County Circuit Court forum appears more convenient for all concerned than a forum in this District Court, wherein preliminary matters (and potentially trial itself) would be conducted in Mobile.  And the Court finds no reason to believe that it would be unfair to defendants to remand this action to state court, from whence it came, for further proceedings, now that original federal jurisdiction has been extinguished.[6]

---

[5]      In arguing otherwise, the Department defendants suggest, without supporting authority, that comity is a neutral factor because "it is apparent that the Federal Courts and the Alabama Court would treat Plaintiff's claims equally."  (Doc. 18, at 3.)  But this argument ignores the fact that Alabama state courts are the final arbiters of Alabama law and can provide a surer-footed reading of Alabama law than a federal court can, such that comity favors the federal court stepping aside where no federal interest is implicated by the remaining state-law claims. Likewise, the Court cannot credit the Department defendants' contention, again devoid of citations, that the continued exercise of supplemental jurisdiction is appropriate to "avoid wasting the time and resources that it would take for the State Court to become equally familiarized" with this case as the federal court now is.  (*Id.*)   Neither this Court nor Magistrate Judge Milling has had occasion to delve deeply into this case.  This Order represents the first substantial ruling on a contested matter following removal of this action to federal court. Discovery was stayed in December 2008.  (*See* doc. 13.)  No Rule 16(b) Scheduling Order has been entered.  No ruling has been made as to the Department defendants' Motion to Dismiss (doc. 5).  In short, the undersigned and Judge Milling have not had the kind of sustained, in-depth involvement with this action that might trigger considerations of judicial economy warranting continued exercise of supplemental jurisdiction here.  This case is not mid-stream, but is instead far nearer its origin than its terminus.  In this posture, an Alabama court could replicate this Court's present degree of familiarity with this action readily and with negligible efficiency costs.

[6]      In so concluding, the Court has weighed the Department defendants' assertion that it would be inconvenient and unfair for them "to have to use their resources to undergo further litigation in State Court when the claims against them are now clearly ripe for dismissal." (Doc. 18, at 3-4.)  Such an argument rings hollow.  It is true enough that the Department defendants have filed a Motion to Dismiss (doc. 5), which is now ripe.  But the Department defendants have not shown, and cannot show, that the incremental outlay of resources for adjudication of the pending Motion to Dismiss in state court would be materially more burdensome than it is in federal court.  Upon remand of this action to Perry Court Circuit Court,

In short, pursuant to the *Gibbs* line of authorities and this Court's determination that concerns of comity, judicial economy, convenience, fairness and the like do not warrant the continued exercise of supplemental jurisdiction in this case, the undersigned exercises his discretion under § 1367(c)(3) to **decline** supplemental jurisdiction over the remaining state-law claims. There being no federal subject matter jurisdiction over this case as it is presently postured, it is **ordered** that this action is hereby **remanded** to the Circuit Court of Perry County, Alabama, from whence it came, for further proceedings.[7]

DONE and ORDERED this 20th day of March, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

_____

the state court will presumably hear oral argument or simply take the Motion to Dismiss under submission, just as this Court would have done in the absence of this jurisdictional concern, with the benefit of the parties' memoranda of law. By all appearances, the burden on the Department defendants in terms of resource expenditure would be substantially similar in either forum.

[7]     *See Cook*, 402 F.3d at 1123 ("Because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441, if the district court declines to continue to exercise supplemental jurisdiction, Cook's remaining claim should be remanded to state court."); *Lewis*, 260 F.3d at 1267 ("If the district court does decline to exercise supplemental jurisdiction, these claims shall be remanded to state court, rather than dismissed, because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441.").